John BROUGH et al.

v.

Linda FOLEY et al.

No. 87–43–Appeal.

Supreme Court of Rhode Island

May 26, 1987.

---

Adolph Anderson, Jr., Stephen B. Lang, Higgins, Cavanagh & Cooney, Providence, James J. Longolucco, Longolucco, Vinci & Sloan, Westerly, for plaintiffs.

Jeffrey Schreck, James Marusak, Gidley, Lovegreen & Sarli, Providence, Victor J. Orsinger, 2nd, Orsinger & Nardone, Westerly, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on an appeal by the plaintiffs from a summary judgment entered by a justice of the Superior Court for the County of Washington in favor of the defendants. We affirm. The facts of the case as disclosed by the affidavits and documents submitted to the trial justice are as follows.

On February 17, 1971, Jeannette S. Nathans, now deceased, conveyed a certain parcel of real estate located on the northerly side of Watch Hill Road in the town of Westerly to Watch Hill Manor, Inc., a Rhode Island corporation. Watch Hill Manor proceeded to develop a nursing home on this property and continued to operate the same until the real estate was sold in 1983. On the same date, namely February 17, 1971, Mrs. Nathans executed an option or right of first refusal in favor of Eldacare, Inc., the parent corporation of Watch Hill Manor. This right of first refusal gave to Eldacare an opportunity to purchase a parcel of real estate owned by Mrs. Nathans and located adjacent to the real estate that had been conveyed to Watch Hill Manor. The option or first refusal reads as follows.

"[A]s part of the consideration for the aforesaid conveyance said Jeannette S. Nathans agrees that in the event of a bona fide offer to purchase any of her real estate situated adjacent to said premises * * * she will first offer it in writing * * * to Eldacare, Inc., a Massachusetts corporation * * * setting forth the price and terms that she has been offered by said bona fide offeror and at which she is willing to sell said premises to said bona fide offeror, before making a sale. In the event that Eldacare, Inc., or its nominee, does not within twenty days (20) from the date of said notice, enter into a written agreement to purchase said real estate, conveying a marketable title thereto, upon the same terms and conditions as offered by said bona fide offeror, in the usual Rhode Island form, said Jeannette S. Nathans may sell said premises free from said right of Eldacare, Inc. to purchase same to said bona fide offeror upon the terms and conditions set forth in said notice.

Said 'first refusal' shall be binding upon said Jeannette S. Nathans, her heirs, executors, administrators and assigns, and shall inure to the benefit of Eldacare, Inc., its nominees, successors and assigns."

On August 24, 1983, Linda Foley, one of the defendants in this action, purchased the real estate that had been conveyed to Watch Hill Manor. Incident to, but subsequent to, that transaction an assignment of the option or first-refusal rights to the adjacent property was executed in favor of Linda Foley by Eldacare.

On July 3, 1983, Mrs. Nathans died. Harold B. Soloveitzik, Esquire, was appointed as executor of her estate on August 10, 1983. In her will Mrs. Nathans directed Mr. Soloveitzik to sell all her realty and distribute the proceeds among her residu-

ary legatees. Pursuant to this direction, Mr. Soloveitzik took steps to sell the subject parcel of real estate. Ultimately, after preliminary negotiations, he entered into a sales agreement on July 22, 1985, with plaintiffs in this action. The sales agreement provided for a sale of the property for the sum of $475,000 and was subject to a condition relating to the right of first refusal that had been granted by Mrs. Nathans to Eldacare. The condition read as follows.

"This Agreement is subject to an option granted by Jeannette S. Nathans to Eldacare, Inc. a Massachusetts corporation, its successors, assigns or nominee, to purchase said premises for a period of twenty (20) days after written notice of the terms of this sale. Seller agrees to give notice of this proposed sale as required by said option agreement. In the event that Seller receives written notice that said option is exercised, the deposit made for this Agreement shall be returned to Buyers, together with interest thereon, and this Agreement shall automatically become null and void. Said Seller shall not be responsible for any expense or obligations incurred by Buyers in connection with this Agreement, and each of said parties agree to execute and deliver to the other a general release therefor from all obligations hereunder."

Thereafter, on July 25, 1985, in accordance with the condition set forth in the sales agreement with plaintiffs, Mr. Soloveitzik forwarded notice of the sales agreement and the purchase price to Eldacare. On or about July 29, 1985, Eldacare informed Mr. Soloveitzik that Linda Foley had been appointed as its nominee for the purpose of exercising the option. An assignment instrument was executed on July 29, 1985, in favor of Linda Foley and was subsequently recorded in the Land Evidence Records of the Town of Westerly. On or about August 9, 1985, Linda Foley exercised her option or right of first refusal to purchase the disputed property and so informed the executor by a written instrument.

Mr. Soloveitzik duly notified plaintiffs of the exercise of the right of first refusal and proceeded to enter into a purchase-and-sales agreement with Linda Foley. This purchase-and-sales agreement ultimately led to the conveyance of the disputed property on September 3, 1985. The deed was recorded on the same date. Meanwhile, plaintiffs had informed Mr. Soloveitzik that they wished to purchase the property despite the purported exercise of the right of first refusal.

On or about March 10, 1986, plaintiffs commenced this action in the Superior Court for the County of Washington. The thrust of plaintiffs' action rests upon their contentions (1) that the right of first refusal granted to Eldacare was void as violative of the venerable rule against perpetuities and (2) the assignment from Eldacare to Linda Foley was invalid because the assignment purports to run from Watch Hill Manor to Linda Foley rather than from Eldacare. We are of the opinion that plaintiffs do not have standing to raise either of these issues.

The sole right that plaintiffs had in respect to the subject real estate is set forth in the sales agreement that they entered into with Mr. Soloveitzik on July 22, 1985. The agreement was made subject to the condition that Mr. Soloveitzik would respect and honor the right of first refusal that had been granted to Eldacare and that if Eldacare or its nominee chose to purchase the subject property at the same price plaintiffs were willing to pay, the agreement with plaintiffs would "become null and void" and plaintiffs' deposit would be returned with interest. This agreement gave no right to plaintiffs to second-guess the validity of the right of first refusal, nor did it give plaintiffs the right to supervise or pass upon the effectiveness of the assignment to Eldacare's nominee, or the nominee's exercise of that assignment.

Under the plain terms of the agreement, as long as Mr. Soloveitzik determined that he would respect the right of first refusal and that Linda Foley was in fact the nominee of Eldacare, he was completely within his contractual rights with plaintiffs to proceed to convey the subject real estate to

Linda Foley. Nothing in the agreement required Mr. Soloveitzik to litigate the validity of the right of first refusal or the effectiveness of the assignment. The plaintiffs were, in substance, strangers to those transactions and were given no rights under the contract to challenge the transactions.

The numerous cases cited by both parties respecting the rule against perpetuities and its enforcement arise in situations wherein either a holder of such an option or right seeks to enforce the same by specific performance or one who is purportedly bound thereby seeks to evade the obligation by seeking a declaration of invalidity. *See, e.g., Estate of Johnson v. Carr*, 286 Ark. 369, 691 S.W.2d 161 (1985) (holder of option seeking specific performance); *Neustadt v. Pearce*, 145 Conn. 403, 143 A.2d 437 (1958) (holder of option seeking to enjoin sale of property); *Watergate Corp. v. Reagan*, 321 So. 2d 133 (Fla. Dist. Ct. App. 1975) (holder of option seeking declaratory judgment); *Martin v. Prairie Rod & Gun Club*, 39 Ill. App. 3d 33, 348 N.E.2d 306 (1976) (holder of option seeking specific performance); *Smerchek v. Hamilton*, 4 Kan. App. 2d 346, 606 P.2d 491 (1980) (heir of grantor in action to quiet title); *Ross v. Ponemon*, 109 N.J. Super. 363, 263 A.2d 195 (1970) (grantor in action to quiet title); *Peele v. Wilson County Board of Education*, 56 N.C. App. 555, 289 S.E.2d 890, *cert. denied*, 306 N.C. 386, 294 S.E.2d 210 (1982) (holder of option seeking to establish ownership); *Smith v. Van Voorhis*, 296 S.E.2d 851 (W. Va. 1982) (holder of option seeking declaratory judgment). Such is not the posture in which this case has been presented. In the case at bar Mr. Soloveitzik was under no obligation to plaintiffs to refrain from respecting the right of first refusal and the assignment regardless of plaintiffs' opinion regarding their validity.

Consequently, we need not reach the merits of the issues argued by the plaintiffs in support of their appeal. In light of our determination that the plaintiffs lack standing, their action against all the defendants, including Eldacare and Mr. Soloveitzik, must fail.

For the reasons stated, the plaintiffs' appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed.[1] The papers in the case may be remanded to the Superior Court.

---

1. The trial justice in this case reached the merits of the validity of the assignment and the right of first refusal. We decline to reach those issues because plaintiffs lack standing. We are affirming the judgment for a reason different from that asserted by the trial justice and therefore do not pass upon the correctness of his determination.