GREENHALL INVESTMENTS, L.L.C., APPELLANT, V.
WIESE DEVELOPMENT CORPORATION, APPELLEE AND
CROSS-APPELLANT, AND CHARLES R. CLATTERBUCK,
INTERVENOR-APPELLEE AND CROSS-APPELLEE.

706 N.W.2d 552

Filed November 8, 2005.   No. A-04-279.

Jeffrey T. Wegner, Rebecca L. Fox, and Richard Jeffries, of Kutak Rock, L.L.P., for appellant.

James D. Sherrets, of Sherrets & Boecker, L.L.C., for appellee.

Terry J. Grennan and Michael F. Scahill, of Cassem, Tierney, Adams, Gotch & Douglas, for intervenor-appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Greenhall Investments, L.L.C. (Greenhall), and Wiese Development Corporation (Wiese) entered into a purchase agreement whereby Greenhall sought to purchase real property from Wiese. Wiese's ability to sell the property was subject to a right of first refusal requiring Wiese to give Charles R. Clatterbuck the opportunity to match any offer to purchase the property. Clatterbuck purported to exercise the right of first refusal and entered into a purchase agreement with Wiese. Litigation ensued in which Greenhall sought an order compelling Wiese to specifically perform under the purchase agreement between Greenhall and Wiese. Clatterbuck intervened and sought an order compelling Wiese to specifically perform under the purchase agreement between Wiese and Clatterbuck. The district court for Douglas County granted partial summary judgment in favor of Wiese and dismissed Greenhall's claim for specific performance. Additionally, the district court granted partial

summary judgment in favor of Clatterbuck and ordered Wiese to specifically perform under the purchase agreement between Wiese and Clatterbuck.

Greenhall appeals and alleges the district court erred in finding that the right of first refusal did not violate any rule against perpetuities and in finding that Clatterbuck had timely exercised the right of first refusal. Wiese cross-appeals and alleges the district court erred in failing to find that Clatterbuck did not provide a "mirror image acceptance" when exercising the right of first refusal and in failing to find that Clatterbuck's subsequent failure to close was unreasonable.

We find that the right of first refusal was limited in duration by the contract in which it was contained and that accordingly, it did not violate any rule against perpetuities which might apply to it. We also find that Clatterbuck timely exercised the right of first refusal. As such, we affirm the district court's summary judgment in favor of Wiese and against Greenhall. Further, we find that inasmuch as Wiese had urged the district court to find a sufficient exercise of Clatterbuck's right of first refusal, Wiese is precluded from challenging the adequacy of that exercise on appeal. As such, we affirm the district court's summary judgment in favor of Clatterbuck and against Wiese.

## II. BACKGROUND

On or about December 12, 2000, Wiese purchased the property in issue from Clatterbuck, executing a promissory note and deed of trust. On or about May 5, 2003, to extend the maturity date of the promissory note, Wiese and Clatterbuck entered into a forbearance agreement. The forbearance agreement specified that the period of forbearance was "through November 15, 2003." The forbearance agreement granted Clatterbuck a right of first refusal giving Clatterbuck the right to match any offer for the purchase of the property.

On or about September 9, 2003, Greenhall and Wiese entered into a purchase agreement whereby Greenhall sought to purchase the property from Wiese. On October 20, Wiese delivered a letter to Clatterbuck together with a copy of the purchase agreement between Greenhall and Wiese. On October 24, Clatterbuck and Wiese entered into a purchase agreement whereby Clatterbuck

sought to purchase the property from Wiese. On October 27, Clatterbuck executed a notarized document indicating a desire to exercise the right of first refusal.

Also on or about October 27, 2003, Wiese informed Greenhall of Clatterbuck's exercise of a right of first refusal and canceled the purchase agreement between Greenhall and Wiese. On October 28, Greenhall filed a complaint against Wiese. Greenhall sought specific performance of the purchase agreement between Greenhall and Wiese and sought damages for breach of contract. On November 21, Clatterbuck filed a complaint in intervention. Clatterbuck sought specific performance of the purchase agreement between Wiese and Clatterbuck or, in the alternative, damages for breach of contract. On November 25, Greenhall filed an amended complaint against Wiese in which Greenhall added a claim for misrepresentation. On November 26, Wiese filed an answer to Greenhall's amended complaint. The record presented on appeal does not indicate that any answer was ever filed to Clatterbuck's complaint in intervention.

Also on November 26, 2003, Wiese filed a motion for partial summary judgment against Greenhall. Wiese sought summary judgment on Greenhall's claim for specific performance. On January 22, 2004, the district court entered an order granting Wiese partial summary judgment and dismissing Greenhall's claim for specific performance. The district court specifically found that the right of first refusal did not violate any rule against perpetuities and that Clatterbuck had exercised the right of first refusal.

On January 27, 2004, Clatterbuck filed a motion for partial summary judgment against Wiese. Clatterbuck sought summary judgment on Clatterbuck's claim for specific performance. On February 11, the district court entered an order granting Clatterbuck partial summary judgment and ordering Wiese to specifically perform.

On February 17, 2004, the district court entered an order and final judgment. The district court effectively found that the partial summary judgment orders should be considered final orders pursuant to Neb. Rev. Stat. § 25-1315 (Cum. Supp. 2004) and that there was no just reason for delaying the right to appeal the

partial summary judgment orders. This appeal and cross-appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Greenhall assigns as error the district court's findings that the right of first refusal did not violate any rule against perpetuities and that the right of first refusal was timely exercised by Clatterbuck. On cross-appeal, Wiese assigns as error the district court's failure to find that Clatterbuck's exercise of the right of first refusal was not a mirror-image acceptance of Greenhall's offer and that Clatterbuck's subsequent refusal to close was unreasonable.

## IV. ANALYSIS

### 1. GREENHALL'S APPEAL

Greenhall asserts that the district court erred in granting Wiese summary judgment on Greenhall's claim for specific performance. Specifically, Greenhall asserts that the district court erred in finding that the right of first refusal did not violate any rule against perpetuities and in finding that the right of first refusal was timely exercised by Clatterbuck. Wiese initially challenges Greenhall's standing to assert both the alleged violation of any rule against perpetuities and the alleged untimeliness of Clatterbuck's exercise of the right of first refusal.

### (a) Standing

The first issue which must be addressed is Wiese's assertion that Greenhall lacks standing to assert that the right of first refusal violated a rule against perpetuities and that the right of first refusal was not timely exercised. Wiese asserts that Greenhall's appeal should be dismissed because Greenhall lacks standing. Wiese asserts that Greenhall lacks standing primarily because Greenhall was not privy or a party to the forbearance agreement between Wiese and Clatterbuck in which the right of first refusal is contained. We disagree and conclude that because Clatterbuck's exercise of the right of first refusal and the right's validity directly impact Greenhall's legal rights, Greenhall does have standing to bring the issues on appeal.

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of the court. *Spring Valley IV Joint Venture v. Nebraska State Bank*, 269 Neb. 82, 690 N.W.2d 778 (2005). In order to have standing to invoke a tribunal's jurisdiction, one must have some legal or equitable right, title, or interest in the subject of the controversy. *Id.* Wiese correctly notes that the general rule is that only a party (actual or alleged) to a contract can challenge its validity. *Spanish Oaks v. Hy-Vee*, 265 Neb. 133, 655 N.W.2d 390 (2003). The fact that a third party would be better off if a contract were unenforceable does not give him standing to sue to void the contract. *Id.*

In this case, however, while Greenhall is not a party to the forbearance agreement between Wiese and Clatterbuck, Greenhall has standing to challenge the validity of the right of first refusal under any applicable rule against perpetuities and to challenge the timeliness of Clatterbuck's exercise of the right. The facts of the present case are significantly comparable to the facts of *Spanish Oaks v. Hy-Vee, supra*, in which the Nebraska Supreme Court found that a third party had standing to challenge a provision in a contract.

In *Spanish Oaks*, the plaintiffs and one of the defendants had entered into a lease. The defendant then entered into a sublease with another party, which sublease included use restrictions. The plaintiffs tried to challenge the validity of the use restrictions in the sublease, even though the plaintiffs were not privy to the sublease. The plaintiffs alleged that the use restrictions had resulted in a breach of the lease contract between the plaintiffs and the defendant. The Nebraska Supreme Court found that the plaintiffs had standing to challenge the use restrictions because the plaintiffs were "alleging a breach of the [initial] lease, to which [they were] part[ies]." *Id.* at 138, 655 N.W.2d at 397.

Similarly, in the present case, Greenhall and Wiese entered into a purchase agreement. Wiese also entered into a forbearance agreement with Clatterbuck, which forbearance agreement included a restriction, namely a right of first refusal. Greenhall is challenging the validity of the restriction and its exercise, even though Greenhall is not a party to the forbearance agreement. Greenhall is alleging that the right of first refusal has resulted

in a breach of the purchase agreement between Greenhall and Wiese. Greenhall has standing to challenge the right of first refusal because Greenhall is alleging a breach of the purchase agreement, to which Greenhall is a party.

We also find Wiese's reliance on the Rhode Island Supreme Court's decision in *Brough v. Foley*, 525 A.2d 919 (R.I. 1987), to be misplaced because that decision is significantly distinguishable from the decision in the present case. In *Brough*, the plaintiffs and one of the defendants entered into a purchase agreement which *specifically mentioned* that the plaintiffs' rights were subject to a right of first refusal in a separate contract between the defendant and another party. When the plaintiffs tried to challenge the right of first refusal under a rule against perpetuities and under a theory that the right was not properly exercised, the Rhode Island Supreme Court found that the plaintiffs lacked standing. The significant difference in the present case is that the purchase agreement between Greenhall and Wiese made no mention of a right of first refusal. Rather, that purchase agreement provided only that Greenhall's rights were subject to liens "of record"; but there is no evidence in the record to indicate that Clatterbuck's right of first refusal was "of record." The Rhode Island Supreme Court's conclusion that the *Brough* plaintiffs' rights were subject to the right of first refusal, regardless of the right's validity, was premised on the fact that the purchase agreement specifically so provided. Such is not the case here.

We conclude that Greenhall has standing to raise the claims on appeal. Greenhall's legal rights under the purchase agreement between Greenhall and Wiese are directly affected by Clatterbuck's right of first refusal, and Greenhall has standing to challenge the district court's grant of partial summary judgment against Greenhall on the basis of the right of first refusal.

(b) Partial Summary Judgment Against Greenhall

Greenhall challenges the district court's grant of summary judgment in favor of Wiese on Greenhall's claim for specific performance. Greenhall asserts that the district court erred in finding that Clatterbuck's right of first refusal was not violative of the common-law rule against perpetuities and in finding that the right of first refusal was timely exercised by Clatterbuck.

Although it is not apparent that the common-law rule against perpetuities remains viable in Nebraska, we conclude, as we will explain below, that the limited duration of the forbearance agreement would prevent the rule against perpetuities from being violated, even assuming that it is applicable. Additionally, we conclude that there is no genuine issue of material fact concerning Clatterbuck's exercise of the right of first refusal and that the exercise was clearly within the time period required in the forbearance agreement. As such, we affirm the district court's summary judgment in favor of Wiese on Greenhall's claim for specific performance.

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Range v. Abbott Sports Complex*, 269 Neb. 281, 691 N.W.2d 525 (2005). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

### (i) Rule Against Perpetuities

Greenhall asserts that the right of first refusal in the forbearance agreement between Wiese and Clatterbuck violates the common-law rule against perpetuities. Although Greenhall acknowledges that Nebraska has adopted a statutory rule against perpetuities and that the statutory rule expressly excludes from its operation nonvested property interests arising out of non-donative transfers, such as the right of first refusal at issue in this case, Greenhall argues that the common-law rule against perpetuities remains viable and that the statutory rule supersedes the common-law rule only with respect to those interests actually covered by the statutory rule. Wiese argues that the statutory rule supersedes the common-law rule in all instances and, in effect, abolishes the common-law rule. We decline to determine whether the common-law rule remains at all viable, because we conclude that the common-law rule, even if applicable, would not be violated in this case because of the limited duration of the forbearance agreement itself.

Neb. Rev. Stat. §§ 76-2001 through 76-2008 (Reissue 1996 & Cum. Supp. 2002) are the Uniform Statutory Rule Against Perpetuities Act. Section 76-2002(a) provides that a nonvested property interest is invalid unless when the interest is created, it is certain to vest or terminate no later than 21 years after the death of an individual then alive or within 90 years after its creation. Section 76-2005 specifically provides that the statutory rule does not apply to a nonvested property interest arising out of a nondonative transfer, with some exceptions not applicable to this case. Greenhall acknowledges that the right of first refusal at issue in this case is, pursuant to § 76-2005, specifically excluded from the operation of the statutory rule against perpetuities.

Section 76-2008 provides, "The Uniform Statutory Rule Against Perpetuities Act supersedes the rule of common law known as the rule against perpetuities." Greenhall argues that this provision means the statutory rule supersedes the common-law rule only with respect to those interests actually covered by the statutory rule and that because the right of first refusal at issue in this case is excluded from the coverage of the statutory rule, the common-law rule's application to the right is not superseded. Wiese argues that this provision means that the statutory rule supersedes the common-law rule entirely and that the common-law rule was, in effect, abolished.

We decline to address the question of whether the common-law rule against perpetuities is superseded only with respect to interests actually covered by the statutory rule against perpetuities or with respect to all interests. As noted above, we conclude that the right of first refusal in this case, as a matter of law, would not be violative of the common-law rule against perpetuities, even assuming that the common-law rule is applicable. The common-law rule against perpetuities prohibits the creation of future interests or estates which, by possibility, may not become vested within a life or lives in being and 21 years, together with the period of gestation when necessary to cover cases of posthumous birth. See *In re Trust Estate of Darling*, 219 Neb. 705, 365 N.W.2d 821 (1985). The right of first refusal in the present case was limited in duration to a period of time well within this perpetuities period.

The right of first refusal in the present case was one provision within a larger forbearance agreement between Wiese and Clatterbuck executed on or about May 5, 2003. The purpose of the entire forbearance agreement was for Clatterbuck to "temporarily forbear from enforcing [his] legal rights and remedies" for a possible default by Wiese on a previous real estate contract. The forbearance agreement specifically provided that the period of forbearance would be "from [approximately May 5, 2003,] through November 15, 2003." The right of first refusal was only one of a number of conditions upon which the temporary forbearance by Clatterbuck would be agreed to. As such, the right of first refusal, like the larger forbearance agreement itself, was limited to a period of fewer than 7 months, well within the common-law perpetuities period.

The record reveals no genuine issues of material fact concerning the limited duration of the forbearance agreement or the right of first refusal. As a matter of law, the right of first refusal was limited in duration to a period of time that would not violate the common-law rule against perpetuities, even assuming that such rule remains viable and applicable to the right of first refusal at issue in this case. As such, the district court did not err in finding that the right did not violate any rule against perpetuities. This assigned error is without merit.

### (ii) Timely Exercise of Right of First Refusal

Greenhall also asserts that there are genuine issues of material fact concerning whether Clatterbuck timely exercised the right of first refusal. Greenhall asserts that there are factual disputes concerning both when the time period for exercise of the right was triggered and when the right was actually exercised. We conclude that any factual disputes are not material, because under any calculation of time supported by the record, the right of first refusal was timely exercised.

With regard to the right of first refusal, the forbearance agreement between Wiese and Clatterbuck provides as follows:

> [Wiese] hereby grants [Clatterbuck] the right of first refusal on the land . . . . In the event [Wiese] receives a bona fide, written offer to purchase any or all of such land, [Wiese] shall present such bona fide, written offer to [Clatterbuck]

and [Clatterbuck] shall have five (5) working days to match the bona fide written offer . . . .

The first issue that must be resolved is when the period of 5 working days began to run in this case. Greenhall presented evidence that as early as October 14, 2003, an attorney who represented Clatterbuck in executing the forbearance agreement "expressed his prior knowledge of the Purchase Agreement [between Greenhall and Wiese] by congratulating" Greenhall on the impending purchase of the property. Greenhall argues that this knowledge by Clatterbuck's attorney should be sufficient to have triggered the period of 5 working days. Wiese, however, asserts that the period was not triggered until Wiese provided written notice of Greenhall's offer, which the record indicates occurred on October 20. Alternatively, Greenhall urges this court to find that the language specifying the triggering event was "ambiguous" and that a genuine issue of material fact existed as to when the triggering event occurred. See brief for appellant at 17.

We find it immaterial whether the right of first refusal requires written notice by Wiese to Clatterbuck or merely notice by Wiese to Clatterbuck of a written offer. Any ambiguity in this regard is immaterial because, either way, the right of first refusal clearly and unambiguously requires Wiese to present the offer to Clatterbuck to trigger the running of the period of 5 working days. The record contains no evidence to suggest that Wiese presented the offer to Clatterbuck, orally or in writing, at any time prior to October 20, 2003. Although Greenhall presented evidence suggesting that Clatterbuck's counsel (and perhaps, by implication, Clatterbuck himself) had some knowledge of Greenhall's offer earlier than October 20, Greenhall presented no evidence to indicate or suggest that Wiese had ever presented the offer in any fashion to Clatterbuck prior to October 20. As such, no matter when the period of 5 working days was to be triggered, the earliest date upon which the period could have been triggered, judging from the evidence in this case, is October 20.

The next issue, then, is whether Clatterbuck timely exercised the right of first refusal "within 'five (5) working days'" of October 20, 2003. See *id.* at 20. Greenhall argues that there is a

genuine issue of material fact concerning when Clatterbuck exercised the right because the record indicates that Wiese and Clatterbuck entered into a purchase agreement on October 24 but that the document captioned as Clatterbuck's exercise of the right of first refusal was not notarized until October 27. We find any factual dispute in this regard likewise to be immaterial. As noted, the forbearance agreement specifically provided that Clatterbuck had 5 *working* days to exercise the right of first refusal. In 2003, October 20 was a Monday. As such, October 27 was the fifth *working* day after October 20. Regardless of whether Clatterbuck should be said to have exercised the right on October 24, when Wiese and he entered into a purchase agreement, or on October 27, when his notice of exercising the right was notarized, he exercised the right within 5 working days.

We find no genuine issue of material fact concerning the timeliness of Clatterbuck's exercise of the right of first refusal. Any factual dispute concerning when the appropriate time period for exercising the right was triggered and any factual dispute concerning when the right was actually exercised are immaterial. As a matter of law, Clatterbuck's exercise of the right of first refusal was within the appropriate time period set forth in the forbearance agreement, and the district court did not err in so finding. This assignment of error is without merit.

### (iii) Conclusion on Greenhall's Appeal

Although we find that Greenhall has standing to raise the issues on appeal challenging the validity of the right of first refusal and the timeliness of Clatterbuck's exercise of the right, we find that the district court did not err in granting Wiese partial summary judgment and dismissing Greenhall's claim for specific performance. Even assuming that the common-law rule against perpetuities remains viable and is applicable to the right of first refusal at issue in this case, that right did not violate the common-law rule. As a matter of law, the right of first refusal in the present case was limited in duration to a period of time well within the perpetuities period. Additionally, there is no genuine issue of material fact concerning the timeliness of Clatterbuck's exercise of the right of first refusal. The record indicates that as a matter of law, the right was exercised within the appropriate

time period set forth in the forbearance agreement. As such, we affirm the district court's grant of partial summary judgment in favor of Wiese and dismissal of Greenhall's claim for specific performance.

## 2. WIESE'S CROSS-APPEAL

Wiese's position on cross-appeal is that the district court erred in granting Clatterbuck summary judgment on Clatterbuck's claim for specific performance. Wiese asserts that the district court erred in failing to find that Clatterbuck's exercise of the right of first refusal did not constitute a mirror-image acceptance sufficient to match Greenhill's offer, as required by the forbearance agreement. Additionally, Wiese asserts that the district court erred in failing to find that Clatterbuck's refusal to close after the court granted Wiese partial summary judgment against Greenhall and dismissed Greenhall's claim for specific performance was unreasonable.

### (a) Clatterbuck's Match of Offer

Wiese first challenges the district court's grant of summary judgment in favor of Clatterbuck by asserting that Clatterbuck's exercise of the right of first refusal did not constitute a mirror-image acceptance sufficient to match Greenhall's offer, as required by the forbearance agreement. Wiese argues that Clatterbuck's exercise of the right of first refusal contained deviations from Greenhall's offer concerning terms of the sale such as the closing date and to whom the brokerage fee should be paid.

We initially note the incongruity in Wiese's positions in response to Greenhall's appeal and in furtherance of Wiese's cross-appeal. In seeking summary judgment against Greenhall in the district court, and in urging this court on appeal to affirm the grant of summary judgment against Greenhall, Wiese asserted as the primary basis for denying Greenhall's asserted right to specific performance that Clatterbuck had properly exercised the right of first refusal, thereby usurping Greenhall's legal interest in the property. Now, in furtherance of the cross-appeal, Wiese attempts to assert that the district court was in error to find that Clatterbuck's exercise of the right of first refusal was proper. If

such were found to be the case, then the district court's error would logically also mean that Greenhall's legal right to enforcement of the purchase agreement between Greenhall and Wiese was never usurped; this, of course, is a position completely at odds with Wiese's stance both at trial and in response to Greenhall's appeal.

Wiese filed an answer to Greenhall's amended complaint. In that answer, Wiese specifically and affirmatively alleged that Clatterbuck had exercised the right of first refusal. Wiese also submitted an affidavit in support of summary judgment against Greenhall in which Wiese affirmatively alleged that Clatterbuck had exercised the right of first refusal. The record does not contain any responsive pleading filed by Wiese in reply to Clatterbuck's complaint in intervention (which alleged proper exercise of the right of first refusal) or in response to Clatterbuck's motion for summary judgment against Wiese on the issue of specific performance.

It is fundamental in Nebraska that allegations of a complaint not denied are admitted without any predicate ruling from the trial court. See *Nolan v. Campbell*, 13 Neb. App. 212, 690 N.W.2d 638 (2004). Further, an admission made in a pleading on which the trial is had is more than an ordinary admission; it is a judicial admission and constitutes a waiver of all controversy so far as the adverse party desires to take advantage of it, and therefore is a limitation of the issues. *Saberzadeh v. Shaw*, 266 Neb. 196, 663 N.W.2d 612 (2003). One who has invited error cannot be heard to complain of it. See, *State v. Zima*, 237 Neb. 952, 468 N.W.2d 377 (1991); *First West Side Bank v. Hiddleston*, 225 Neb. 563, 407 N.W.2d 170 (1987). See, also, *Gillespie v. Hynes*, 168 Neb. 49, 106-07, 95 N.W.2d 457, 486 (1959) (" 'party may not be heard to complain of error which he has invited. . . . Error may not be assigned upon a ruling or action of the district court made or taken with the consent of the complaining party' "), quoting *Tucker v. Paxton & Gallagher Co.*, 152 Neb. 622, 41 N.W.2d 911 (1950).

In this case, we find that Wiese is precluded from asserting on appeal that the district court should have found that Clatterbuck's exercise of the right of first refusal was somehow ineffective or improper. The very essence of Wiese's position

before the district court was that Clatterbuck had properly and effectively exercised the right of first refusal, thereby usurping any legal right that Greenhall might have had in enforcing the purchase agreement between Greenhall and Wiese. The district court having so found, Wiese cannot now assert that the district court erred in making the very finding Wiese sought. This assignment of error is without merit.

### (b) Clatterbuck's Refusal to Close

Wiese next asserts that the district court erred in not finding unreasonable Clatterbuck's refusal to close after Wiese successfully received summary judgment against Greenhall and dismissal of Greenhall's claim for specific performance. Wiese asserts that Clatterbuck's refusal to close should be considered unreasonable, or a waiver of Clatterbuck's right to specific performance, or a waiver of Clatterbuck's right to any claim for monetary damages.

We disagree because the plain language of the purchase agreement between Wiese and Clatterbuck required Wiese to deliver clear title before Clatterbuck was obligated to close and specifically provided both that Wiese was required to "furnish a current title insurance commitment to [Clatterbuck]" and that Wiese was obligated to cure within a reasonable time any title defects found. Wiese has presented no evidence indicating that Wiese was able to procure such title or title insurance commitment while Greenhall's claim remained ripe for appeal. In fact, the record indicates that Clatterbuck was ready and willing to close, had placed funds equal to the purchase price into an escrow account, and was waiting only for Wiese to present a clear title before closing. On the record presented, we do not find the district court's failure to find such action by Clatterbuck unreasonable to be erroneous. This assigned error is without merit.

### (c) Conclusion on Wiese's Cross-Appeal

We find Wiese's cross-appeal to be without merit. There are no genuine issues of material fact which Wiese can properly assert on appeal concerning Clatterbuck's exercise of the right of first refusal, inasmuch as Wiese urged the district court to find such exercise proper and effective at trial. We affirm the district

court's grant of summary judgment in favor of Clatterbuck on Clatterbuck's claim for specific performance.

## V. CONCLUSION

We find no reversible error in the district court's grant of summary judgment in favor of Wiese and against Greenhall on Greenhall's claim for specific performance. Although Greenhall has standing to challenge the validity of the right of first refusal and the timeliness of Clatterbuck's exercise of the right, there is no genuine issue of material fact concerning the right of first refusal. The right is not violative of any rule against perpetuities and was timely exercised by Clatterbuck. As such, the district court's grant of summary judgment in favor of Wiese on Greenhall's claim for specific performance is affirmed.

We find no reversible error in the district court's grant of summary judgment in favor of Clatterbuck and against Wiese on Clatterbuck's claim for specific performance. Wiese is precluded from asserting on appeal that Clatterbuck's exercise of the right of first refusal was improper or ineffective, and Clatterbuck's refusal to close prior to Wiese's being able to deliver clear title is not unreasonable. As such, the district court's grant of summary judgment in favor of Clatterbuck on Clatterbuck's claim for specific performance is affirmed.

AFFIRMED.