Thomas L. DePETRILLO

v.

BELO HOLDINGS, INC. et al.

No. 2011–172–Appeal.

Supreme Court of Rhode Island.

June 11, 2012.

_____

Jeffrey C. Schreck, Esq., Providence, for Plaintiff.

Stephen A. Izzi, Esq., Providence, for Defendant Belo.

Matthew F. Medeiros, Esq., Providence, for Defendant Citadel.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The plaintiff, Thomas L. DePetrillo, appeals from the entry of summary judgment in favor of the defendants, Belo Holdings, Inc. (Belo) and Citadel Broadcasting Company (Citadel). The plaintiff argues that the hearing justice erred in concluding that he did not have standing to challenge the validity of Citadel's right of first refusal to purchase a broadcasting tower and surrounding real estate owned by Belo. Further, on the merits, the plaintiff contends that Citadel's right of first refusal is unenforceable as a matter of law because it did not contain a sufficiently definite description of the subject property, as is required under the statute of frauds. This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Procedural History

This dispute concerns a tract of land totaling approximately thirty acres, located at or near 30 Ludlow Street in the Town of Johnston.[1] In 1985, a lease agreement was entered into by WPJB–FM/WEAN Broadcasting Company and its parent company, Providence Journal Company, as lessors, and Providence Broadcasting Corporation, as lessee. The lease agreement was for space on lessor's broadcasting tower and in its adjoining transmitter building, as well as for space in lessor's principal building located in the City of Providence. The lease granted lessee a right of first refusal to purchase the broadcasting tower, as well as the land within a 500–foot radius of the tower. Specifically, section 14 of the lease agreement, in relevant part, provided:

"Lessor shall not sell the tower or that part of Lessor's transmitter site described in Appendix A without first giving Lessee written notice of such intent and an option to purchase the tower and transmitter site at the same price and upon the same terms as those available to Lessor from a third party. Any such notice of intent to sell the tower

---

1. The land at issue is described as consisting of two parcels: parcel one designated as Assessor's Plat No. 1, lot No. 73, and parcel two designated as Assessor's Plat No. 10, lot Nos. 326, 328, and 332.

and/or the defined part of the transmitter site to a third party shall specify the terms and conditions of the proposed sale. Lessee may exercise the foregoing option by giving Lessor written notice of the exercise, not more than thirty (30) days after Lessor provides Lessee written notice of Lessor's intent to sell the tower and the defined part of the transmitter site. In any event, Lessor shall require any successor in interest to the tower and site to assume this Lease Agreement without prejudice in any respect to Lessee's continued enjoyment of its rights under the Lease."

Appendix A identified the land subject to the right of first refusal as "[t]he area encompassed within a radius of 500 feet of the FM Tower, together with all appropriate vehicular and utility line easements." Thereafter, Belo became the successor lessor and Citadel the successor lessee, under the lease. As such, pursuant to the terms of the agreement,[2] Belo and Citadel were bound by the provisions of the lease.

On March 11, 2009, Belo and plaintiff entered into a letter of intent for plaintiff to purchase the thirty-acre tract on Ludlow Street. Prior to signing the letter of intent, plaintiff was informed orally of Citadel's right of first refusal. Further, plaintiff made a handwritten notation on the letter of intent indicating that Belo would notify Citadel immediately of its right of first refusal.[3] To that end, on March 24, 2009, Belo sent notice to Citadel of plaintiff's offer to purchase the parcel, including "the tower and transmitter site" to which Citadel retained the right of first refusal. The notice informed Citadel that it had no more than thirty days from the date of such correspondence to exercise its right of first refusal. Further, it requested that Citadel, in the event that it did not wish to exercise its right, execute a waiver of its option to purchase the land.

On March 31, 2009, Belo and plaintiff executed a purchase and sale agreement for the subject property. The closing was to occur within thirty days after the due-diligence period, subject to plaintiff's right to extend the closing date. The agreement was contingent upon Citadel's waiver of its right of first refusal. Specifically, section 3.3 of the agreement provided, in pertinent part:

"Prior to the expiration of the Due Diligence Period, [Belo] agrees to provide written evidence to [DePetrillo] that the terms of Section 14 of the Citadel Lease Agreement between Citadel Broadcasting Company (as successor to WPJB–FM/WEAN Broadcasting Company) and [Belo] (as successor to the Providence Journal Company) ('Citadel Lease Agreement') have been waived or rejected by Citadel Broadcasting Company.

"The parties also agree that Citadel Broadcasting Company may exercise the foregoing option by giving [Belo] written notice of the exercise, not more than thirty (30) days after the date of the Notice Letter. The parties further agree and acknowledge that if [Belo] does not receive a notice to purchase from Citadel Broadcasting Company by April 23, 2009, Citadel Broadcasting Company will have waived the right of

---

**2.** The lease provided, in pertinent part, that "[t]he terms, covenants, and conditions of this Lease Agreement are for the benefit of and are binding upon the parties hereto and their respective successors and assigns. Lessor in particular agrees to bind any successors and assigns to the terms of the Lease Agreement."

**3.** The plaintiff specifically inscribed: "Seller will immediately notify Citadel of their [*sic*] FROR [*sic*]."

first refusal/option to purchase as set forth in Section 14 of the Lease Agreement. * * * [Belo] agrees that it shall immediately provide notice to [DePetrillo] of any response received from Citadel Broadcasting Company to [Belo's] notice delivered pursuant to Section 14 of the Citadel Lease Agreement."

On April 22, 2009, Citadel notified Belo that it was exercising its right of first refusal to purchase the "tower and transmitter site" described in Appendix A of its lease agreement with Belo. On that same day, Belo provided notice to plaintiff that Citadel was exercising its right. Further, Belo enclosed a proposed agreement, dubbed a "letter agreement." The letter agreement offered that, in the event that Citadel did not close on the subject property, Belo's purchase and sale agreement with plaintiff would remain in effect; however, if Citadel closed on the subject property, plaintiff's purchase and sale agreement would be terminated. The following day, DePetrillo rejected the proposed letter agreement; instead, he indicated that he was ready, willing, and able to close immediately on the March 31, 2009 purchase and sale agreement "as is."

On April 29, 2009, Belo and Citadel executed a purchase and sale agreement concerning the subject property. The material terms of the agreement were identical to those in Belo's March 31, 2009 purchase and sale agreement with DePetrillo. In a letter dated June 2, 2009, plaintiff's attorney indicated that his client was aware that Citadel had a right of first refusal on the subject property, but he requested a copy of Citadel's $50,000 deposit, confirmation that the purchaser was, in fact, Citadel, as well as verification of the closing date and purchase price. In closing, the letter stated: "This letter is in no way intended to disrupt a sale of this property to the Citadel Company, if done under the same terms as offered by my client but is only intended to [e]nsure the fairness of the transaction." On June 5, 2009, DePetrillo's $50,000 deposit check was returned to him per Belo's direction.

On June 12, 2009, plaintiff filed a verified complaint in the Superior Court. The complaint sought declaratory relief, alleging that: (1) Citadel's right of first refusal was unenforceable because the original lease, between Providence Journal Company and Providence Broadcasting Corporation, was unsigned and insufficiently described the property it was subject to; and (2) Citadel could not exercise its right of first refusal to purchase the entire thirty-acre parcel because its right extended to only a smaller portion of such parcel, which contained land not owned by Belo. Further, the complaint sought preliminary and permanent injunctive relief and specific performance. On that same day, plaintiff also filed a notice of *lis pendens* concerning the subject property.

Thereafter, on August 11, 2009, the parties filed cross-motions for summary judgment, all stipulating that there was no genuine issue of material fact. On August 13, 2009, Belo and Citadel closed on the sale of the subject property. The plaintiff then filed a motion for leave to file an amended complaint to reflect the fact that Citadel was the current owner of the subject property. The defendants jointly objected to plaintiff's motion, arguing that the proposed revision would have "no effect on [the court's] ability to render relief, should it determine that the [p]laintiff [was] entitled to any."

A hearing on the parties' cross-motions for summary judgment and on plaintiff's motion to file an amended complaint was held on October 29, 2009. The hearing justice first addressed plaintiff's motion to file an amended complaint. The hearing justice determined that no amendment was

necessary after obtaining concessions from both defendants that the court had authority, even without amendment to the original verified complaint, to compel Citadel to transfer the subject property to plaintiff if he prevailed on the merits of his complaint. Then, after hearing arguments from the parties on their cross-motions for summary judgment, the hearing justice indicated that he would render a written decision.

On November 6, 2009, the hearing justice rendered such a written decision, granting defendants' motions for summary judgment and ordering that the notice of *lis pendens* be vacated. The hearing justice decided that DePetrillo, "as a stranger to the original [l]ease [a]greement between Belo and Citadel, * * * ha[d] no standing to challenge Citadel's right of first refusal or the effectiveness of its exercise." He determined that because plaintiff's purchase and sale agreement "was expressly subject to Citadel's right of first refusal, Citadel's exercise of that right nullified the [purchase and sale agreement] between [plaintiff] and Belo." Furthermore, the hearing justice found that "Citadel properly exercised its right by matching [p]laintiff's offer for the entire property." On November 16, 2009, an order was entered denying plaintiff's motion for summary judgment, granting defendants' motions for the same, and ordering plaintiff to discharge his notice of *lis pendens* within ten days of the order's entry. Thereafter, on November 29, 2010, final judgment was entered, dismissing all counts of DePetrillo's verified complaint and ordering the discharge of his notice of *lis pendens*. Thereafter, plaintiff timely filed a notice of appeal to this Court.

## II

### Standard of Review

"This Court reviews a lower court's grant of a motion for summary judgment *de novo*, 'employing the same standards and rules used by the hearing justice.'" *Empire Acquisition Group, LLC v. Atlantic Mortgage Co.*, 35 A.3d 878, 882 (R.I.2012) (quoting *Generation Realty, LLC v. Catanzaro*, 21 A.3d 253, 258 (R.I.2011)). Therefore, "[w]e will affirm the grant of summary judgment only '[i]f we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law * * *.'" *Id.* (quoting *Pereira v. Fitzgerald*, 21 A.3d 369, 372 (R.I.2011)).

## III

### Discussion

#### A

#### Mootness of the Appeal

Belo argues, in its supplemental memorandum to this Court, that plaintiff's complaint is moot because the subject property was sold and transferred and, thus, no longer is subject to plaintiff's *lis pendens*. Belo emphasizes that plaintiff did not "seek or obtain a stay of the judgment in this Court or in the Superior Court," and it cites to other jurisdictions for the proposition that an appeal is moot "when the appellant fail[s] to obtain a stay and the requested relief was subsequently rendered impossible" because the subject property no longer exists or is beyond the control of the seller. Further, Belo contends that "[a]ny other result would nullify the requirement that the appellant obtain a stay pending appeal."

Belo's argument is flawed for a multitude of reasons. First, Belo's emphasis on DePetrillo's failure to obtain a stay pending his appeal is misleading and mis-

placed. A stay pending this appeal would have been futile because Belo transferred the subject property to Citadel on August 13, 2009—before the order was entered mandating the discharge of plaintiff's notice of *lis pendens* on November 16, 2009, or the final judgment was entered in defendants' favor on November 29, 2010. Further, the timing of Belo's transfer of the subject property is crucial for another reason. Because the transfer occurred before the order and final judgment were entered, it occurred prior to the discharge of plaintiff's notice of *lis pendens;* therefore, Citadel took the property in question subject to plaintiff's *lis pendens.* Accordingly, Belo's attempt to convince the Court that this case is distinguishable from *Fracassa v. Doris,* 876 A.2d 506, 510 (R.I. 2005)—in which we declined to address the plaintiff's contention that the appeal was moot, after recognizing that the defendants had conveyed the property at issue subject to the plaintiff's *lis pendens*—on the basis that Belo "unconditionally conveyed the property * * * to Citadel" is unavailing. Instead, just like the buyer in *Doris,* 876 A.2d at 510, Citadel acquired the property subject to any judgment or decree that DePetrillo might have acquired in his civil action. *See Cortellesso v. Zanni,* 694 A.2d 751, 752 (R.I.1997) (mem.) (stating that "[o]ne who purchases the property with notice of lis pendens takes the property subject to any judgment or decree that may be issued in the suit").

More importantly, Belo and Citadel jointly conceded below that the transfer of the subject property to Citadel would have no effect on DePetrillo's rights to the property. When faced with plaintiff's motion to file an amended complaint acknowledging the transfer of the subject property from Belo to Citadel, defendants jointly filed an objection, arguing that "there should be no doubt that the sale of the subject property from one named [d]efendant to the other has no effect on [the Superior Court's] ability to render relief, should it determine that the [p]laintiff is entitled to any." Additionally, quoting this Court's opinion in *Montecalvo v. Mandarelli,* 682 A.2d 918 (R.I.1996), defendants noted that:

> "A notice of lis pendens is filed on the public record for the purpose of warning all interested persons that the title to the subject property is being disputed in litigation and that, therefore, any person who subsequently acquires an interest in the property does so subject to the risk of being bound by an adverse judgment in the pending case." *Id.* at 924.

Furthermore, Belo and Citadel acknowledged before the hearing justice that in the event that DePetrillo succeeded on the merits of his case, the Superior Court had the authority, even without an amendment to plaintiff's verified complaint, to compel Citadel to convey the subject property to plaintiff. This much is made abundantly clear from the following colloquy:

> "[Belo]: Your Honor, just briefly. The proposed amendment doesn't change the nature of the complaint. The plaintiff when he filed the complaint also filed a lis pendens on the—
>
> "THE COURT: On the real estate?
>
> "[Belo]: In the land evidence records of the Town of Johnston, alleging his ownership interest based on the purchase and sale agreement. Whatever happened after that is inconsequential to his rights that accrued prior to the filing of the lis pendens. If he is entitled to the property, he is entitled to the property from whoever owns it at the time this [c]ourt orders a transfer. And the [c]ourt can order a transfer directly.
>
> "THE COURT: Is it your concession at this point that if the [c]ourt were to

find that his position is correct sans the amendment that the [c]ourt has the authority to order * * * Citadel to transfer?

"[Belo]: Yes * * *.

"THE COURT: Is it also Citadel's position?

"[Citadel]: Yes, Your Honor.

" * * *

"THE COURT: * * * But you think that that aside [from] being notice to the world[, the lis pendens] also authorizes the [c]ourt to order whoever the titleholder is thereafter to make that conveyance?

"[Belo]: I believe so, Judge. I believe this [c]ourt has that authority.

"THE COURT: And you're conceding it?

"[Belo]: Yes, Your Honor.

"THE COURT: And you're conceding it?

"[Citadel]: Yes, Your Honor * * *."

In light of these very clear concessions and the fact that Belo transferred the property to Citadel subject to the *lis pendens*, this Court declines to entertain Belo's contention that this appeal is moot because it no longer has title to the subject property.

## B

### Validity of the Right of First Refusal

The plaintiff contends that he has standing to challenge Citadel's right of first refusal "because he has a legitimate interest in the property that is different from the general public interest, and he stands to suffer an injury from the wrongful exercise of the right of first refusal." The plaintiff further argues that Citadel's right of first refusal was improperly exercised

because it extended only to a portion of the subject property and did "not give Citadel any right to purchase the entire [p]roperty." Further, plaintiff asserts that the right of first refusal was unenforceable, as a matter of law, because it did not sufficiently describe the property interest, as is required by the statute of frauds.[4]

In response, Belo argues that plaintiff lacks standing to challenge the validity of Citadel's right of first refusal because he was a "stranger" to the right. Belo further contends that even if DePetrillo had authority to challenge the right of first refusal, such right was enforceable because it was sufficiently certain and definite to satisfy the statute of frauds. Finally, Belo asserts that plaintiff's rights to the subject property were extinguished upon Citadel's exercise of its right of first refusal. Thus, according to Belo, although Citadel's right of first refusal extended only to a smaller portion of the thirty-acre parcel, Belo was entitled to convey the entire thirty-acre parcel to Citadel once plaintiff's rights were terminated.

Citadel asserts similar arguments to those of Belo. Citadel additionally argues that DePetrillo's appeal lacks merit because his purchase and sale agreement with Belo lapsed and DePetrillo "ratified that lapse" by rejecting Belo's proposed letter agreement. According to Citadel, "[b]y rejecting that offer, DePetrillo relinquished all rights under his [purchase and sale] agreement with Belo."

 This Court consistently has stated that as a necessary predicate to pursuing a declaratory judgment, a plaintiff must have standing. *See Bowen v. Mollis*, 945 A.2d 314, 317 (R.I.2008). "The requisite standing to prosecute a claim for relief

---

4. Despite this assertion, plaintiff also states in his memorandum to this Court that he is not challenging "the validity of the right of first refusal, but [rather,] the improper manner of its exercise with resulting harm to him."

exists when the plaintiff has alleged that 'the challenged action has caused him injury in fact * * *,' " *id.* (quoting *Rhode Island Ophthalmological Society v. Cannon,* 113 R.I. 16, 22, 317 A.2d 124, 128 (1974)), and that injury must be "concrete and particularized" and "actual or imminent." *Meyer v. City of Newport,* 844 A.2d 148, 151 (R.I.2004) (quoting *Pontbriand v. Sundlun,* 699 A.2d 856, 862 (R.I.1997)). Further, we have indicated that an individual who was not a party to a contractual agreement lacks standing to challenge its validity. *See Meyer,* 844 A.2d at 151 (holding that an individual who was not a party to a consent judgment may not challenge its validity); *Sousa v. Town of Coventry,* 774 A.2d 812, 815 n. 4 (R.I.2001) (stating that there is no support for the notion that a person "who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable").

Specifically, in *Brough v. Foley,* 525 A.2d 919, 922 (R.I.1987), this Court held that people who were "strangers" to the right of first refusal at issue lacked standing to litigate the validity of that right. In that case, the plaintiffs had entered into a purchase and sale agreement that was made subject to a third party's option to purchase the property at issue. *Id.* at 921. After the defendants exercised such option and acquired the property, the plaintiffs brought suit, alleging that the right of first refusal was void as violating the rule against perpetuities and that the assignment of that right to the defendant was invalid. *Id.* We held that the plaintiffs lacked standing to raise such issues because their purchase and sale agreement was made subject to the right of first refusal and "gave no right to [the] plaintiffs to second-guess the validity of the right of first refusal, nor did it give [the] plaintiffs the right to supervise or pass upon the effectiveness of the assignment

* * * or the * * * exercise of that assignment." *Id.*

■ The same is true of plaintiff in this case. The rights that DePetrillo had with respect to the property in question were set forth in the purchase and sale agreement he entered into with Belo on March 31, 2009. That agreement was made subject to the condition that Belo would honor the right of first refusal that Citadel had been granted in the 1985 lease agreement. Further, that purchase and sale agreement bestowed no right upon plaintiff to challenge the validity or enforceability of the right of first refusal, nor Citadel's exercise of such right. Thus, as in *Brough,* 525 A.2d at 922, DePetrillo was a "stranger[ ]" to the right of first refusal and had "no rights under the contract to challenge the transaction[ ]" between Belo and Citadel. Therefore, we conclude that plaintiff lacked authority to challenge the validity of the right of first refusal and, as such, we decline to address the merits of plaintiff's argument that the right was unenforceable as a matter of law.

The plaintiff, nevertheless, seeks to distinguish *Brough* on the grounds that Citadel's right of first refusal did not extend to the entire thirty-acre parcel. DePetrillo notes that "the property in *Brough* that was subject to the right of first refusal was the same property that was subject to the challenging parties' purchase and sale agreement"—whereas, in this case, Citadel's right of first refusal attached only to the tower and transmission site and not the entire thirty-acre parcel subject to plaintiff's purchase and sale agreement. Accordingly, plaintiff argues, Belo had no authority "to convert the right of first refusal from" the tower-transmission-site parcel to the entire thirty-acre parcel.

■ The plaintiff is correct in noting that Citadel's right of first refusal extend-

ed only to the broadcasting tower, as well as the land within a 500–foot radius of the tower, and not to the entirety of the thirty-acre parcel. This fact, however, carries little weight in our determination of plaintiff's rights to the thirty-acre parcel. The plaintiff's purchase and sale agreement with Belo expressly made plaintiff's rights to the parcel subject to Citadel's right of first refusal—DePetrillo's interest in the property was not to vest until Citadel waived its option to purchase the tower and transmission site. Citadel, instead, exercised its right of first refusal; as a result, the purchase and sale agreement between plaintiff and Belo was terminated and DePetrillo's rights to the property were extinguished.

The extinguishment of DePetrillo's rights to the property, however, did not compel the cessation of Belo's efforts to convey the thirty-acre parcel, nor did it hinder Citadel's ability to purchase said property. We stated in *Sawyer v. Firestone,* 513 A.2d 36, 40 (R.I.1986), that "a seller may not defeat a right of first refusal by selling the property subject to the right as part of a larger tract" and that, "while the holder of such a right may not force a separate sale of the land, s/he may enjoin the proposed sale of a larger tract of land that includes the parcel subject to the right of first refusal." Thus, as holder of the right of first refusal, Citadel was in the following quandary: it was unable to compel the separate sale of the tower and transmission site, yet it had the power to block the sale of the thirty-acre parcel. Opting for the arguably more efficient and practical approach, in exercising its right of first refusal, Citadel instead chose to match DePetrillo's offer to purchase the thirty-acre parcel. This approach enabled Belo to achieve its objective of selling the entire parcel, while still honoring Citadel's right of first refusal. *See Kenyon v. Andersen,* 656 A.2d 963, 965 (R.I.1995) (stat-

ing that a right of first refusal "requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the [right of first refusal] at the stipulated price" (quoting *Hood v. Hawkins,* 478 A.2d 181, 185 (R.I.1984))). Belo was completely within its authority to execute such a sale, as the plaintiff's rights to the property had terminated upon Citadel's failure to waive its right of first refusal. Accordingly, we affirm the hearing justice's grant of summary judgment on all counts in favor of the defendants and his order that the plaintiff's notice of *lis pendens* be discharged.

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record of the case shall be remanded to the Superior Court.