**Supreme Court**
No. 2015-208-Appeal.

David Lynch             :

v.             :

First Horizon Home Loans et al.      :

**O R D E R**

David Lynch appeals <u>pro se</u> from a December 15, 2014 judgment of the Superior Court, which memorializes that court's grant of summary judgment in favor of the defendants, First Horizon Home Loans (First Horizon) and Safeguard Properties, LLC (Safeguard).

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

On November 22, 2013, plaintiff filed a complaint against First Horizon and Safeguard alleging that he and Natividad Mercedes were joint owners of property located at 120 Vandewater Street in Providence (the Vandewater property). Ms. Mercedes was not named as a plaintiff in the complaint, nor did she sign that pleading. For present purposes, the most relevant allegation in plaintiff's complaint is the following:

"On January 19, 2011, Safeguard Properties, LLC [a property maintenance company], on behalf of, and at the instruction by, First Horizon Home Loans [a home loan finance institution, which held a mortgage on the Vandewater property], unlawfully entered [the] property, without notice, right nor with authority of law, and ousted plaintiff and [his] family, caused physical damage to said property, and unlawfully withheld possession from plaintiff."

The complaint further alleged that plaintiff "has been deprived of rental income and profits, has been caused to suffer damages, [and] has been deprived of property without due process of law * * *."

Subsequently, plaintiff moved to file an amended complaint in order to have his wife, whom he identified as Natividad Mercedes, joined as a plaintiff in the action.[1] At the conclusion of a hearing on December 8, 2014, the motion justice denied plaintiff's motion to amend; he did so in reliance on G.L. 1956 § 11-27-2(3),[2] stating that plaintiff (a non-lawyer) could neither commence an action on behalf of his wife nor represent her in the instant matter. At that same hearing on December 8, the motion justice granted defendants' motion for summary judgment, stating that, "[t]he Court finds that the plaintiff, Mr. Lynch, who is married to Miss Mercedes, never had legal title to this property, and as such, the issues alleged in his complaint * * * he has no right to bring."

---

[1]   The motion justice did not question the allegation that plaintiff and Ms. Mercedes were married to one another. For the purposes of this Order, this Court will likewise deem plaintiff and Ms. Mercedes to be husband and wife.

[2]   General Laws 1956 § 11-27-2 provides in pertinent part:

> "'Practice law' as used in this chapter means the doing of any act for another person usually done by attorneys at law in the course of their profession, and, without limiting the generality of the definitions in this section, includes the following: * * * (3) The undertaking or acting as a representative or on behalf of another person to commence, settle, compromise, adjust, or dispose of any civil or criminal case or cause of action[.]"

An appeal from a grant of summary judgment is reviewed de novo. Shine v. Moreau, 119 A.3d 1, 7 (R.I. 2015). If we conclude "that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." Peerless Insurance Co. v. Luppe, 118 A.3d 500, 505 (R.I. 2015) (internal quotation marks omitted). The party opposing summary judgment "bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012) (internal quotation marks omitted).

We need not go into great detail about the merits of the issues presented by this case because we are of the opinion that the plaintiff did not have standing to commence this action. Requisite standing exists when "the plaintiff [has] allege[d] that the challenged action has caused him injury in fact * * * ." Rhode Island Ophthalmological Society v. Cannon, 113 R.I. 16, 22, 317 A.2d 124, 128 (1974) (internal quotation marks omitted). And such an injury in fact must be "concrete and particularized" and "actual or imminent." DePetrillo v. Belo Holdings, Inc., 45 A.3d 485, 492 (R.I. 2012) (internal quotation marks omitted). The record is bereft of even a scintilla of evidence tending to show that the plaintiff ever possessed legal title to the property. The mortgage, the note, the pertinent deeds, and the land evidence records all reflect ownership exclusively in the name of Natividad Mercedes. It should be added that the plaintiff's reliance on G.L. 1956 § 15-4-11 in support of his contention that he could commence an action on behalf of his wife is unavailing. The term "attorney" in that statute actually refers to a power of attorney and did not endow the plaintiff with the authority to commence an action on behalf of his wife or otherwise to represent her in our courts. The plaintiff has no ownership interest in the

subject property and thus no particularized injury; accordingly, it is our view that the motion justice properly granted summary judgment on the basis of the plaintiff's complete lack of standing.[3] See DePetrillo, 45 A.3d at 492.

Accordingly, we affirm the grant of summary judgment by the motion justice of the Superior Court.

Entered as an Order of this Court this 28 th day of February, 2017.

By Order,

/s/

_____
Clerk

---

[3] The following sentence in the motion justice's decision well summarizes his reasoning (and this Court's) with respect to the issue of standing in this case:

> "The Court finds that the plaintiff, Mr. Lynch, who is married to Miss Mercedes, never had legal title to this property, and as such, the issues alleged in his complaint, giving them the fairest and broadest possible reading, recognizing that Mr. Lynch is representing himself, he has no right to bring."

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | David Lynch v. First Horizon Home Loans et al. | |
| **Case Number** | No. 2015-208-Appeal.<br>(PC 13-5955) | |
| **Date Order Filed** | February 28, 2017 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>David Lynch, *Pro Se*<br><br>For Defendants:<br><br>Patricia A. Buckley, Esq.<br>Audra L. Medeiros, Esq.<br>Tracy M. Waugh, Esq.<br>Kara Thorvaldsen, Esq. | |