May 7, 2024

Rickey Thompson                    :

v.                    :

Town of North Kingstown Zoning       :
Board of Appeals et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Rickey Thompson          :

v.                       :

Town of North Kingstown     :
Zoning Board of Appeals et al.


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**  This case came before the Supreme

Court pursuant to an order directing the parties to appear and show cause why the

issues raised in this appeal should not be summarily decided.  In this declaratory

judgment action, the plaintiff, Rickey Thompson (Thompson or plaintiff), appeals

from a final judgment in favor of the defendants, Town of North Kingstown Zoning

Board of Review (the town),[1] and JAMM Golf LLC, Mark L. Hawkins, Joshua L.

Hawkins, and M.L. Hawk Real Estate LLC (the developers) (collectively,

defendants).  After considering the parties' written and oral submissions and

---

[1] The plaintiff also individually named the members of the North Kingstown Zoning Board of Review, Planning Commission, and Town Council as defendants.  We refer to these additional defendants collectively as "the town."

reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

This case concerns a major land-development project (the Project) proposed for multiple parcels of real estate located in North Kingstown, Rhode Island. In 2012, the North Kingstown Planning Commission (the planning commission) approved the developers' multi-use project located at Assessor's Plat No. 110, lot Nos. 2-7, 9-11, and Assessor's Plat No. 126, lot No. 5 on Ten Rod Road in North Kingstown, Rhode Island. The property is known as the Preserve at Rolling Greens (Rolling Greens).

Rolling Greens contains a preexisting golf course, a clubhouse, and four residential units. The proposed development would allow for 26,000 square feet of nonresidential commercial space, an expansion of the existing clubhouse, and 212 bedrooms for up to 106 residential units, restricted to residents fifty-five years of age or older. In 2012 the North Kingstown Town Council (the town council) amended the zoning ordinance to create a Compact Village District (CVD) zone which would include a combination of residential and commercial space, or multi-use

development. The town council approved the inclusion of the developers' Rolling Greens property within the CVD zone.[2]

Thereafter, in 2017, the town council once again amended the zoning ordinance for the town's CVD zone. The amendment limited commercial building coverage to 10,000 square feet and provided that the ratio of buildings on the property could be a maximum of five percent nonresidential buildings and no less than ninety-five percent residential buildings. The developers challenged the ordinance in the United States District Court for the District of Rhode Island. In federal court, the developers alleged that their Project had vested prior to the 2017 ordinance's limitations on nonresidential square footage for the CVD zone. Thompson, who owned real estate within 200 feet of Rolling Greens, sought to intervene in the federal action, but his request was denied.

After mediation and settlement discussions, the town and the developers prepared a proposed consent judgment. The parties agreed that the consent judgment would not enter until: (1) it was approved by the town council, and (2) the planning commission approved the developers' preliminary plan application for Rolling Greens. The developers also agreed under the consent judgment that the Project,

---

[2] In a consent judgment discussed *infra*, the developers and the town agreed that this action by the town council implicitly approved the Project's ratio of residential space to nonresidential space. The 2012 master plan originally approved a target range of commercial space between 24,000 and 40,000 square feet, not including the golf clubhouse.

which consisted of a maximum of 26,000 square feet of nonresidential commercial space, was valid under the 2014 zoning ordinance. The parties to the consent judgment acknowledged that the Rolling Greens project was not subject to the 2017 amendments to the CVD zone. However, the parties also agreed that the developers' application must still adhere to the other applicable zoning ordinances, technical aspects, and nitrate loading requirements.

The town council voted on February 28, 2019, to approve the consent judgment and to authorize the town solicitor to file it in federal court. Subsequently, the planning commission reviewed the developers' application for a preliminary plan for the Rolling Greens project and approved it on April 9, 2020. In the decision, the planning commission noted that, under the consent judgment, the Project was limited to 26,000 square feet of nonresidential commercial space, and it explained the other requirements the parties had agreed to in the consent judgment. The preliminary plan was consistent with the comprehensive plan and the CVD zoning ordinance, and it did not have a negative environmental or traffic impact on the community. The planning commission also included twenty-two design, infrastructure, and affordable-housing conditions to its approval of the developers' application. With the consent of the town council and the planning commission's approval of the preliminary plan, the parties' consent judgment was formally entered in federal court on April 14, 2020.

Thompson filed an appeal of the planning commission's decision with the North Kingstown Zoning Board of Review (the zoning board). After review, the zoning board determined that the consent judgment recognized the developers' vested rights with respect to Rolling Greens and that the Project was not bound by the subsequent 2017 zoning amendments. The zoning board further concluded that the consent judgment did not modify the zoning ordinance, and that the developers were not bound by the 2017 amendments to the CVD zoning ordinance. Accordingly, the zoning board denied Thompson's appeal of the planning commission's decision to approve the developers' application.

Thereafter, Thompson filed the instant action in the Superior Court on July 7, 2020. Among other relief, plaintiff sought a declaratory judgment that: (1) the town council was not authorized to enter into the consent judgment, as doing so usurped the planning commission's authority to review a major land development application; (2) the town council was not authorized to enter into the consent judgment, as it purported to change the zoning ordinance without notice or a public hearing; and (3) the planning commission should not have relied upon the terms of the consent judgment to review the developers' application for preliminary plan approval.[3]

---

[3] In his complaint, Thompson asserted two other claims: count one, which sought an administrative appeal of the preliminary plan approval, and count three, which alleged a violation of the Rhode Island Open Meetings Act. The Superior Court

The defendants filed a motion for summary judgment on plaintiff's count for declaratory judgment, asserting that his complaint was an attempt to set aside the consent judgment through an impermissible collateral attack. Thompson objected, arguing that he was challenging the planning commission's approval process, as opposed to collaterally attacking the consent judgment.

After a hearing on defendants' motion for summary judgment, the hearing justice issued a bench decision concluding that Thompson's complaint for declaratory relief sought to invalidate a valid final consent judgment in federal court. Accordingly, the hearing justice granted defendants' motion for summary judgment, finding that plaintiff had made an improper collateral attack on the consent judgment, as a nonparty, and that the town had the authority to enter into the agreement. An order granting summary judgment entered, and final judgment thereafter. Thompson filed a timely notice of appeal.

**Standard of Review**

"This Court reviews a decision granting a party's motion for summary judgment *de novo*." *Wild Horse Concepts, LLC v. Hasbro, Inc.*, 286 A.3d 848, 851 (R.I. 2023) (quoting *Citizens Bank, N.A. v. Palermo*, 247 A.3d 131, 133 (R.I. 2021)).

---

dismissed Thompson's administrative appeal of the zoning board's decision in a written decision and the parties stipulated to the dismissal of count three. On appeal, Thompson does not challenge his other claims; he contends that the hearing justice erred in the grant of summary judgment on his claim for declaratory relief. However, Thompson did file a separate writ of certiorari on count one, which this Court denied.

"We assess the matter 'from the vantage point of the trial justice, * * * viewing the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm.'" *Id.* (brackets omitted) (quoting *Citizens Bank, N.A.*, 247 A.3d at 133). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (quoting *Citizens Bank, N.A.*, 247 A.3d at 133).

**Discussion**

Before us, Thompson argues that his complaint was not an impermissible collateral attack on the consent judgment entered in federal court. Although third parties generally lack standing to challenge the validity of an agreement to which they are not a party, plaintiff maintains that he can collaterally attack the consent judgment because it usurps the legislative statutory scheme regulating the zoning and development of land. Thompson insists that his complaint challenged the actions of the town council and planning commission, prior to the entry of the consent judgment. He further argues that the planning commission erred in ruling that he lacked standing to challenge the agreement, as the consent judgment had not been formally entered when the planning commission issued a decision on the matter. The plaintiff asserts that, while the town has the right to settle land-use

litigation so long as the agreement does not violate existing law, here the town council lacked authority to agree to the consent judgment and direct the planning commission to apply the terms of the agreement. Doing so, he argues, illegally amended the zoning ordinance without providing proper notice and a hearing.

The plaintiff also argues that the town did not properly amend the zoning ordinance for the CVD zone because such an amendment would require the overall percentages for residential coverage and nonresidential coverage. The consent judgment illegally constrained the planning commission, he contends. Thompson maintains that he can attack aspects of the judgment because it violates the Rhode Island Zoning Enabling Act and the CVD zoning ordinance, which establishes the acceptable percentages of residential and nonresidential coverage for developments in that zone.

In response, defendants argue that the hearing justice properly granted summary judgment on Thompson's complaint for declaratory relief because it amounted to an improper collateral attack by a nonparty on a valid consent judgment. Despite plaintiff's contentions otherwise, defendants maintain that the town has the authority to settle a land dispute through approval from the town council, and that it did not violate the law by settling its dispute with the developers, who had preexisting vested rights in the Project. Moreover, defendants assert that the consent judgment and the actions of the commission did not effectively amend the zoning

- 8 -

ordinance, as plaintiff claims, because the 2017 zoning amendment was in effect but did not apply to the development in this case.[4]

In his supplemental statement, plaintiff makes the additional argument that the consent judgment in this case amounts to illegal contract zoning and insists that the developers did not have a vested right in the Project because the town council failed to specify ratios for residential and nonresidential coverage as required by the CVD ordinance.[5]  In response, defendants contend that the issue of contract zoning is not properly before us, as plaintiff failed to raise the issue in Superior Court.  Even so, defendants argue that the master plan approval vested their rights in the Project because the approval indicated that the ratio for residential and nonresidential development would happen during the preliminary plan stages.  The defendants also argue that the town council properly approved the ratio of nonresidential to residential uses when it placed the development within the CVD zone.

---

[4] In the consent judgment, the parties agreed that the developers would not be subject to the 2017 amendments to the CVD zoning ordinance.  The zoning board issued a decision finding that the consent judgment thus recognized that the developers' rights were vested.

[5] The issue of contract zoning has not been passed upon by this Court.  In *Nicholson v. Tourtellotte*, 110 R.I. 411, 293 A.2d 909 (1972), we declined to decide whether a contractual zoning and planning arrangement between a municipality and developers was valid because the agreement that plaintiffs sought to enforce did not establish the rights they claimed. *Nicholson*, 110 R.I. at 415, 293 A.2d at 911 ("While we have referred, albeit briefly and generally, to the divergent views with respect to the law of contract rezoning, we cannot agree with the parties that the record in this case requires us to choose which of the two views shall prevail in this state.").

While Thompson insists that his complaint for declaratory relief is not an improper collateral attack on a valid final judgment of the federal court, we disagree. A consent judgment "is in essence a contract between the parties to the litigation and is to be construed as a contract." *McEntee v. Davis*, 861 A.2d 459, 462-63 (R.I. 2004) (quoting *In re McBurney Law Services, Inc.*, 798 A.2d 877, 882 (R.I. 2002)). It is well settled that "an individual who was not a party to a contractual agreement lacks standing to challenge its validity." *DePetrillo v. Belo Holdings, Inc.*, 45 A.3d 485, 492 (R.I. 2012); *see also Meyer v. City of Newport*, 844 A.2d 148, 151 (R.I. 2004) (holding that individuals who were not a party to a consent judgment may not challenge the validity of the agreement); *Sousa v. Town of Coventry*, 774 A.2d 812, 815 n.4 (R.I. 2001) (stating that there is no support for the notion that a person "who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable"). Likewise, we have held that standing is "a necessary predicate to pursuing a declaratory judgment * * *." *DePetrillo*, 45 A.3d at 491. A party seeking "[t]o nullify or rescind the consent judgment" must demonstrate "that there was a mutual mistake between the parties." *McEntee*, 861 A.2d at 462. "If the contract terms are clear and unambiguous, judicial construction is at an end for the terms will be applied as written." *Rivera v. Gagnon*, 847 A.2d 280, 284 (R.I. 2004).

- 10 -

Thompson cannot establish the necessary standing or grounds to mount a successful collateral attack against the parties' consent judgment. *See DePetrillo*, 45 A.3d at 492 ("[A]n individual who was not a party to a contractual agreement lacks standing to challenge its validity."). As the hearing justice explained, "[a]t the core, [plaintiff's] request for declaratory judgment is asking the [c]ourt to invalidate a valid, final judgment of the [f]ederal [c]ourt * * *." Thompson is not a party to the consent judgment; and, as a nonparty, he lacks the requisite standing to challenge the agreement and is thus barred from making a collateral attack on what is a valid, final judgment in federal court.[6] *See DePetrillo*, 45 A.3d at 492. "When parties to litigation resolve issues through compromise and in good faith, it is well settled that 'courts will enforce the compromised settlement without regard to what the result might, or would have been, had the parties chosen to litigate.'" *In re McBurney Law Services, Inc.*, 798 A.2d at 882 (brackets omitted) (quoting *Mansolillo v. Employee Retirement Board of Providence*, 668 A.2d 313, 316 (R.I. 1995)). Accordingly, we decline to reopen these issues, which the town and the developers elected to resolve through a consent judgment. *See Borozny v. Paine*, 122 R.I. 701, 706, 411 A.2d 304, 307 (1980) ("[A] collateral attack is not permitted upon a final judgment, even though it may be alleged to be erroneous."); *Metts v. B. B. Realty Company*, 108 R.I.

---

[6] Thompson attempted to intervene in the federal action, his request was denied, and he did not appeal.

- 11 -

55, 60, 271 A.2d 811, 813 (1970) ("A judgment cannot be attacked collaterally except for fraud or lack of jurisdiction.").

Furthermore, the town clearly had authority to enter into the agreement and the consent judgment did not illegally constrain the planning commission's authority. *See Casa DiMario, Inc. v. Richardson*, 763 A.2d 607, 611 (R.I. 2000) ("[A] city or town can bind itself on * * * matters only by the official acts of its town council or by the authorized actions of its representatives."). Thompson concedes that generally a town council has the authority to settle land use litigation; however, he asserts that authority is circumscribed when the terms of a settlement and its procedural application violate state and local laws, which he argues is what happened here. The defendants rely on the hearing justice's determination that the consent judgment approved by the town council did not violate existing law and argue that it is undisputed that the town council is vested with the authority to settle a land use litigation dispute by entering into a consent judgment with the developers.

In the case before us, the town council approved the consent judgment, and the planning commission approved the developers' application for a preliminary plan, which was within its authority. *See Beaudry v. Rossi*, 295 A.3d 349, 357 (R.I. 2023) (holding town did not properly enact an amendment because it relied on the actions and statements of individual town officials and not formal action by the town council); *see also Casa DiMario, Inc.*, 763 A.2d at 610-11 ("Communications,

- 12 -

representations, and alleged acts * * * are insufficient as a matter of law to bind a municipality to future acts or inaction [without formal approval of the town council].").  The proceedings in this matter were open to the public and did not occur behind closed doors or without a formal vote. *See, e.g.*, *Beaudry*, 295 A.3d at 357; *Casa DiMario, Inc.*, 763 A.2d at 611.  Moreover, the town had authority to enter into the consent judgment pursuant to Section 106 of the town charter. *See Kells v. Town of Lincoln*, 874 A.2d 204, 211 (R.I. 2005) ("The provisions of a town charter are the organic law of the town with respect to municipal affairs.") (quoting *Borromeo v. Personnel Board of Bristol*, 117 R.I. 382, 385, 367 A.2d 711, 713 (1977)).  Thompson had notice of these proceedings and had the opportunity to be heard.  His allegation of a violation of the Rhode Island Open Meetings Act was dismissed by stipulation, and that claim is not before this Court.

Likewise, we reject Thompson's argument that the consent judgment illegally amended the town's zoning ordinance.  Pursuant to the consent judgment, the developers are entitled to up to 26,000 square feet of nonresidential commercial space, which is consistent with the zoning ordinance at the relevant time because Rolling Greens was included in the CVD zone in 2014.  Moreover, in 2012, the developers obtained master plan approval for commercial space between 24,000 square feet and 40,000 square feet.  The developers had certain vested rights and preexisting approvals in the Project prior to 2017, when the town council revised the

- 13 -

ordinances. The town's recognition of those vested rights in the consent judgment did not amend the zoning ordinance; it exempted the Project from subsequently enacted amendments that were inconsistent with the approvals they had previously obtained.

Finally, with respect to Thompson's argument that the town and the developers engaged in contract zoning, the argument was not raised in Superior Court and is thus waived. *Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021) ("According to this Court's well settled raise-or-waive rule, issues not properly presented before the trial court may not be raised for the first time on appeal.") (quoting *Federal National Mortgage Association v. Malinou*, 101 A.3d 860, 865 (R.I. 2014)).

## Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court and remand the papers to the Superior Court.



## STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Rickey Thompson v. Town of North Kingstown Zoning Board of Appeals et al. |
| **Case Number** | No. 2022-326-Appeal.<br>(WC 20-268) |
| **Date Opinion Filed** | May 7, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Christopher A. D'Ovidio, Esq. |
| | For Defendants:<br><br>Mark W. Freel, Esq.<br>Nicholas J. Hemond, Esq. |